No. 24-60193

In The United States Court of Appeals
for the Fifth Circuit

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO; Ohio Chemistry Technology Council,

*Petitioners*,

v.

United States Environmental Protection Agency,

*Respondent.*

———

**Consolidated with**

**No. 24-60281**

American Public Health Association; Collegium Ramazzini; Local F-116 (Vanderberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Firefighters; The FeelGood Foundation; Henry A. Anderson, *Medical Doctor*; Brad Black, *Medical Doctor*; Barry Castleman, *Doctor of Science*; Raja Flores, *Medical Doctor*; Arthur Frank, *Medical Doctor, Doctor of Philosophy*; Phil Landrigan, *Medical Doctor, Master of Science*; Richard Lemen, *Doctor of Philosophy, Master of Public Health*; Steven Markowitz, *Medical Doctor, Doctor of Public Health*; Jacqueline Moline, *Medical Doctor, Master of Public Health*; Celeste Monforton, *Doctor of Public Health, Master of Public Health*; Christine Oliver, *Medical Doctor, Master of Public Health, Master of Science*; Andrea Wolf, *Medical Doctor, Master of Public Health*,

*Petitioners*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protectional Agency*;

*Respondents.*

_____

**Consolidated with**

**No. 24-60333**

Olin Corporation,

*Petitioner*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents*.

_____

**OPPOSITION OF PETITIONER-INTERVENORS ASBESTOS DISEASE AWARENESS ORGANIZATION, ET AL, AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL- CIO, TO PETITIONER OLIN CORPORATION'S MOTION TO ENLARGE BRIEFING SCHEDULE**

Petitioner-intervenors Asbestos Disease Awareness Organization (ADAO) and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL- CIO (USW) hereby oppose the February 11, 2025 motion of petitioner Olin Corporation to enlarge the briefing schedule in this case by 30 days.

Olin's motion presumes that the Court will grant the February 11 motion of respondent Environmental Protection Agency (EPA) to hold this case in abeyance for 120 days so the new Administration can review the Part 1 chrysotile asbestos rule and consider whether to change its position before the Court. ECF 170. However, petitioner-intervenors ADAO and USW today filed an opposition to this motion, emphasizing that a 120-day delay in this case would harm the public interest in resolving the issues in this case as soon as possible and that the remaining steps in the agreed-upon briefing process should proceed while the new Administration reviews the Part 1 rule.

As ADAO and USW explained, EPA has completed its briefing obligations and the only remaining substantive submissions are petitioners' reply briefs. These briefs are due on February 28 and drafting them would place negligible burdens on Olin and the other industry petitioners. ADAO and USW are ready to file replies on February 28 and do not need an extension.

If the Court agrees with ADAO and USW and denies the EPA motion, a 30-day extension of the deadline for reply briefs would be unnecessary and would delay resolution of this case for no possible gain. On the other hand, if the Court grants the requested abeyance, it will presumably act before February 28, and thus reply briefs will be postponed. Under either scenario, granting Olin's motion now makes no sense.

Olin argues that, by suspending the briefing schedule now, any replies that are ultimately filed can address changes in EPA's position that result from its reconsideration of the rule following a 120-day abeyance granted by the Court. However, should EPA ultimately decide to reconsider and modify the Part 1 rule, it would at that point file a motion to govern further proceedings in this case. The briefing on that motion – and not reply briefs on the issues currently in play – would be the vehicle for addressing the implications of EPA's change in position for the path forward in this case.

In sum, there is no possible justification at this time for granting Olin's motion to enlarge the briefing schedule and it should be denied.

Dated: February 13, 2025

            Respectfully submitted,

            Randy S. Rabinowitz
            Victoria L. Bor

Occupational Safety & Health Law Project, LLC
P.O. BOX 3769
Washington, DC 20027
202 256-4080

Nathan Finch
Motley Rice LLC
401 9th Street NW
Suite 630
Washington, DC 20004
(202) 607-8998

*Attorneys for Petitioner USW*

*/s/Robert M. Sussman*
Robert M. Sussman
Sussman & Associates
3101 Garfield St. NW
Washington, DC 20008
(202) 716-0118
Lucas Williams
Lexington Law Group, LLP
503 Divisadero Street
San Francisco, CA 94117
(415) 913-7800

*Attorneys for Petitioners Attorneys for petitioners Asbestos Disease Awareness Organization. American Public Health Association, Collegium Ramazzini, Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FealGood Foundation. Henry A. Anderson, MD; Brad Black, MD; Barry Castleman, ScD; Raja Flores, MD; Arthur Frank, MD, PhD; Phil Landrigan, MD, MSc; Richard Lemen, PhD, MSPH; Steven Markowitz, MD, DrPH;*

*Jacqueline Moline, MD, MSc; Celeste Monforton, DrPH, MPH; Christine Oliver, MD, MPH, MSc; and Andrea Wolf, MD, MPH*

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 413 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/Robert M. Sussman*
Robert M. Sussman

**CERTIFICATE OF SERVICE**

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on February 13, 2025. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

                       */s/ Robert M. Sussman*
                       Robert M. Sussman